UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LESTER C. MOORE,

                    Petitioner,

vs.                                    Case No.  2:07-cv-829-FtM-36SPC

SECRETARY,  DOC;  FLORIDA  ATTORNEY
GENERAL,

                    Respondents.
_____

### OPINION AND ORDER

### I. Status

Petitioner  Lester  C.  Moore  (hereinafter  "Petitioner"  or

"Moore")  initiated  this  action  by  filing  a  *pro se*  Petition  for  Writ

of  Habeas  Corpus  ("Petition,"  Doc.  #1)  pursuant  to  28  U.S.C.  §  2254

on  December  18,  2007.[1]   Petitioner  filed  a  Memorandum  of  Law  (Doc.

#2,  Memorandum)  and  an  Appendix  (Doc.  #3)  in  support  of  the

Petition.    The  Petition  challenges  Moore's  2003  state  court

judgment  of  conviction  for  robbery  using  a  weapon  entered  in  the

Twentieth  Judicial  Circuit  Court,  Lee  County,  Florida.   Petition  at

1.[2]

---

[1]The  Petition  was  filed  in  this  Court  on  December  20,  2007;
however,  the  Court  applies  the  "mailbox  rule"  and  deems  the
Petition  "filed  on  the  date  it  was  delivered  to  prison  authorities
for  mailing."   *Alexander v. Sec'y Dep't of Corr.*,  523  F.3d  1291,
1294  n.4  (11th  Cir.  2008).

[2]The  page  numbers  referenced  within  this  Order,  are  to  the  page
of  the  identified  pleading  as  it  appears  on  the  Court's  case
(continued...)

The Petition raises three grounds for relief:

### Ground 1
**Counsel was ineffective for failing to file a motion to suppress evidence obtained illegally and in violation of Petitioner's 4th, 5th, 6th and 14th Amendment rights.**

### Ground 2
**Counsel was ineffective for not investigating the Petitioner's mental illness history and seeking the assistance of mental health experts to advise the court of its plausibility in light of pretrial evidence.**

### Ground 3
**Counsel's was ineffective for failing to investigate an alibi witness (restated).**

Memorandum at 5-12.  In accordance with the Court's Order to Show

Cause (Doc. #7), Respondents[3] filed a Corrected Response to the

---

[2](...continued)
management electronic computer filing system.  Because the Exhibits are filed in paper format only, the Court will reference a document contained within a particular exhibit by "Exh. _."  To the extent possible, the Court will further reference the document by its page number or other identifying mark within the exhibit. *E.g.* by bates stamp number.

[3]Respondents seek dismissal of the Attorney General of the State of Florida as a respondent.  Response at 2.  Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts (hereinafter the "Rules") provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent."  The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition."  *Rumsfield v. Padilla*, 124 S. Ct. 2711, 2717 (2004).  This is "'the person with the ability to produce the prisoner's body before the habeas court.'"  *Id.*  When the petitioner is incarcerated and challenges his confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the attorney general or some other remote supervisory official."  *Id.* at 2718 (citations to other authorities omitted).  In Florida, that person is the current Secretary of the Florida Department of Corrections.  Consequently, the Court will dismiss the Florida Attorney General as a named respondent.

Petition (Doc. #14, Response) with supporting exhibits (Exhs. A-K), including the record on direct appeal (Exh. I).  Petitioner filed a Reply to Respondent's Response (Doc. #17, Reply).  This matter is ripe for review.

## II. Procedural History

### A. Background

On February 6, 2003, Moore was charged by Information with Robbery with a Deadly Weapon in violation of Fla. Stat. § 812.13. Exh. I, bates stamp no. 1094-0713 to 714.  Moore proceeded to trial and, on December 9, 2003, the jury returned a verdict of guilty of Robbery With a [non-deadly] Weapon.  *Id.*, bates-stamped no. 1155-3166.  On February 23, 2004, Moore was convicted and sentenced, as a habitual offender, to ten (10) years in prison, followed by five (5) years of probation.  *Id.*, bates-stamped no. 1174-0040 to 45.

### B. Direct Appeal

Moore filed a direct appeal raising one ground for relief. Exh. A.  On March 4, 2005, the appellate court *per curiam* affirmed Moore's conviction and sentence.  *Moore v. State*, 902 So. 2d 804 (Fla. 2d DCA 2004); Exh. C.

### C. Post-Conviction Motions

### Rule 3.800

On October 26, 2005, Moore filed a *pro se* motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure

3.800.  Exh. D.  The post-conviction trial court summarily denied both claims for relief raised in Moore's Rule 3.800 Motion in a written order dated December 27, 2005.  *Id*.  On April 5, 2006, the appellate court *per curiam* affirmed the denial of Moore's Rule 3.800 Motion.  *Moore v. State*, 928 So. 2d 1220 (Fla. 2d DCA 2006); Exh. E.  Mandate issued May 23, 2006.  Exh. F.

**Rule 3.850**

On August 4, 2005, Moore filed a *pro se* Motion for Post-Conviction Relief pursuant to Florida Rule of Criminal Procedure 3.850 raising the same three claims for relief that are raised in the instant Petition: (1) counsel was ineffective for failing to file a pretrial motion to suppress; (2) counsel was ineffective for failing to pursue Moore's mental history and competency; and, (3) counsel was ineffective for failing to call an alibi witness who would testify that Moore did not have a knife.  Exh. I, bates-stamped nos. 001-021.  As directed by the post-conviction court, the State filed a response with exhibits in support.  *Id.*, bates-stamped no. 022-112.  The post-conviction court ordered an evidentiary hearing and appointed Joseph Cerino, Esquire, to represent Moore in connection wtih his Rule 3.850 Motion.  *Id.* at 113-114.

On July 27, 2006, an evidentiary hearing was held on Moore's Rule 3.850 Motion before the Honorable James R. Thompson.  *See*

*generally* E.H.[4]  At the inception of the hearing, the following

colloquy took place:

> THE COURT: So how do we want to proceed?
>
> MR. CERINO: Well, Your Honor, to start off with, my
> client has agreed to withdraw the motion as it pertains
> to issues two and three, which I believe were regarding
> his competency, and the additional witness, we're
> withdrawing those two grounds at this time.  We're only
> proceeding on the grounds that counsel failed to file a
> motion to suppress.
>
> THE COURT: All right. Now, this is going to be with
> prejudice, correct?
>
> MR. CERINO: Yes, sir.
>
> THE COURT: Okay. So we're not going to hear about these
> issues again?
>
> MR. CERINO: No, sir.
>
> THE COURT: So –
>
> MR. CERINO: Is that right, Mr. Moore?
>
> THE DEFENDANT: Yes, sir.
>
> MR. CERINO: We've discussed this?
>
> THE DEFENDANT: Yes, sir.
>
> MR. CERINO: And you feel it's in your best interest to
> withdraw those two issues?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: I'm going to put you under oath.  If you've
> got handcuffs on that's okay, it's kind of hard to do.

---

[4]A transcript of the evidentiary hearing, held on July 27,
2006, is included within Exhibit I at bates-stamped nos. 118-147.
The Court will refer to the transcript from the evidentiary hearing
as "E.H. at ___"

> (Whereupon, the defendant was duly sworn by the court at this time)
>
> THE COURT: You're Mr. Lester Moore?
>
> THE DEFENDANT: Yes, sir.
>
> The COURT: And you want to withdraw the issue concerning your competency to stand trial?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And you want to withdraw the issue regarding the failure to call an alleged witness at the proceedings?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Those won't be brought up again –
>
> THE DEFENDANT: No, sir.
>
> THE COURT: This will be with prejudice, just so you understand that.
>
> THE DEFENDANT: Yes, sir.

E.H., 120-122.

On August 9, 2006, the post-conviction court denied Moore's Rule 3.850 Motion. Exh. I, bates-stamped nos. 148-150. In particular, the post-conviction court, recognized that Moore had "voluntarily withdrew, with prejudice, issues two and three of his Motion and elected to pursue only issue one" - - that counsel was ineffective for failing to file a pretrial motion to suppress. *Id.*, bates-stamp no. 148. With regard to this remaining issue, the post-conviction court held as follows:

> According to the record, a jury convicted Defendant of robbery with a weapon after an incident in which he stole merchandise from a department store and, when confronted by two store employees, threatened them with a knife.

The employees contacted law enforcement and provided a
description of Defendant's vehicle, including a license
tag number. Shortly thereafter law enforcement officials
observed a vehicle that matched the description. Notably
the vehicle's license tag number was identical, except
for one letter, to the number provided by the store
employees. Law enforcement officials observed evidence
of the robbery, including stolen merchandise and a knife,
in the vehicle. The two store employees were transported
to the scene of the stop and identified Defendant as the
perpetrator.

The only witness at the evidentiary hearing was
Defendant's trial counsel, Assistant Public Defender
Karen Miller. Ms. Miller testified that she investigated
the case, including taking the depositions of the two
store employees. She further testified that, although
Defendant asked her to file a motion to suppress, she did
not do so because she believed law enforcement officials
had probable cause to support the stop and the search.
Accordingly, she felt that she did not have a good faith
basis to support the filing of a motion to suppress.

Upon consideration, the Court finds that law enforcement
officials had probable cause under the circumstances to
stop and search Defendant's vehicle and, therefore, there
is no reasonable probability that the outcome of the
proceeding would have been different had counsel filed a
motion to suppress. The Court further finds that
counsel's decision not to file a motion to suppress
because she did not have a good faith basis to support
the motion appears reasonable and does not constitute
ineffective assistance of counsel within the meaning of
*Strickland v. Washington*, 466 U.S. 668 (1984).

*Id.,* 148-49.

On August 25, 2006, Moore filed a *pro se* appeal of the denial

of his Rule 3.850 motion. Exh. G. The State filed a response.

Exh. H. On September 21, 2007, the appellate court *per curiam*

affirmed the post-conviction court's August 9, 2006 order. *Moore*

*v. State*, 965 So. 2d 1150 (Fla. 2d DCA 2007); Exh. K. Mandate

issued on October 12, 2007.

### III.   Applicable § 2254 Law

Moore filed his timely[5] Petition after April 24, 1996, the
effective date of the Antiterrorism and Effective Death Penalty Act
of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996).
Consequently, post-AEDPA law governs this action. *Abdul-Kabir v.*
*Quarterman*, 127 S. Ct. 1654, 1664 (2007); *Penry v. Johnson*, 532
U.S. 782, 792 (2001); *Davis v. Jones*, 506 F.3d 1325, 1331, n.9
(11th Cir. 2007).  Under AEDPA, the standard of review "is 'greatly
circumscribed and is highly deferential to the state courts.'
*Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2002)." *Stewart*
*v. Sec'y Dep't of Corr.*, 476 F.3d 1193, 1208 (11th Cir. 2007).  *See*
*also Parker v. Sec'y Dep't of Corr.*, 331 F.3d 764 (11th Cir. 2003).
AEDPA altered the federal court's role in reviewing state prisoner
applications in order to "prevent federal habeas 'retrials' and to
ensure that state-court convictions are given effect to the extent
possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

### A.   Exhaustion and Procedural Default

A federal court may only review an issue under § 2254 if
petitioner first afforded the state courts an adequate opportunity
to address that issue.  28 U.S.C. § 2254(b)(1)(A).

> Before seeking a federal writ of habeas corpus, a state
> prisoner must exhaust available state remedies, 28 U.S.C.
> § 2254(b)(1), thereby giving the State the opportunity to

---

[5]The AEDPA imposes a one-year statute of limitations on § 2254
actions.  28 U.S.C. § 2244(d)(1).  Respondent submits that the
Petition is timely filed.  Response at 8.  The Court agrees.

> pass upon and correct alleged violations of its
> prisoners' federal rights. To provide the State with the
> necessary opportunity, the prisoner must fairly present
> his claim in each appropriate state court (including a
> state supreme court with powers of discretionary review),
> thereby alerting that court to the federal nature of the
> claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004)(internal citations and quotations omitted.) This imposes a "total exhaustion" requirement in which all the federal issues must have first been presented to the state courts. *Rhines v. Weber*, 544 U.S. 269, 274 (2005). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Duncan v. Henry*, 513 U.S. 364, 365 (1995)(stating "exhaustion of state remedies requires that petitioners 'fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights'"). "A claim is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules." *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008).

### Grounds 2 and 3

Respondent submits that Grounds 2 and 3 were abandoned by Petitioner in State court, are not exhausted, and are now effectively barred from further review.  Response at 10.  Upon review of the record, the Court agrees that Petitioner is procedurally barred from seeking federal review of Grounds 2 and 3.

As recently reaffirmed by the Supreme Court, "the availability of federal habeas relief is limited with respect to claims previously 'adjudicated on the merits' in the state-court proceedings." *Harrington v. Richter*, __ U.S. __, 131 S.Ct. 770. 780 (2011).  Here it is clear that Petitioner knowingly and voluntarily abandoned both Grounds 2 and 3 at the evidentiary hearing.  Although Petitioner raised both of these Grounds on appeal, *see* Exh. G, the State, in its response, argued that Petitioner had voluntarily withdrawn these claims with prejudice. Exh. H.  Thus, the State courts did <u>not</u> adjudicate either of these Grounds on the merits.

Petitioner's statements in open court demonstrate that he unequivocally agreed with his counsel that he was withdrawing his ineffective assistance claims regarding the issue of his mental health/competency (Ground 2) and the alleged existence of an alibi witness (Ground 3).  He further stated that he understood that both of these claims were being withdrawn with prejudice. "Solemn

declarations in open court carry a strong presumption of verity."
*Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Petitioner has not demonstrated that he made any effort to withdraw his waiver of these Grounds.[6]  Nor has Petitioner shown cause and prejudice to overcome the procedural default of these Grounds.[7]  Finally, Petitioner does not allege, yet alone demonstrate, that manifest injustice will occur if the Court does not address the merits of these Grounds.  Based upon the foregoing, the Court dismisses Grounds 2 and 3 as unexhausted and procedurally barred.

**B.   Deference to State Court Decision**

Where a petitioner's claim raises a federal question, was exhausted, is not procedurally barred, and was adjudicated on the merits in the state courts, the federal court must afford a high level of deference to the state court's decision.  Indeed, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could

---

[6]Petitioner's conclusory allegations that his court appointed counsel knew of Petitioner's mental health issues" and "assisted the State in sabotaging the petitioner's case" merits no further discussion. Reply at 5. Further, Petitioner's suggestion that his statements made under oath should be suspect because he was unable to fully "raise his right" hand due to being handcuffed is equally unpersuasive. *Id*. at 3.

[7]Petitioner cannot allege ineffective assistance of appellate counsel as cause for his default of these claims because Petitioner does not enjoy a Sixth Amendment right to effective assistance of counsel in a state post-conviction motion. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

disagree' on the correctness of the state court's decision."
*Harrington v. Richter,* 131 S.Ct. at 786 (quoting, *Yarborough v.
Alvaro*, 541 U.S. 652, 664 (2004)).  Habeas relief may not be
granted with respect to a claim adjudicated on the merits in state
court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly
> established Federal law, as determined by the Supreme
> Court of the United States; or

> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See also Brown v. Payton*, 544 U.S. 133, 141
(2005); *Price v. Vincent*, 538 U.S. 634, 638-39 (2003).  A state
court's summary rejection of a claim, even without explanation,
qualifies as an adjudication on the merits which warrants
deference.  *Harrington v. Richter*, 131 S.Ct. at 784.

"Clearly established federal law" consists of the governing
legal principles, rather than the *dicta*, set forth in the decisions
of the United States Supreme Court at the time the state court
issues its decision. *Carey v. Musladin*, 549 U.S. 70, 74
(2006)(citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).  "[T]o
be 'contrary to' clearly established federal law, the state court
must either (1) apply a rule that contradicts the governing law set
forth by Supreme Court case law, or (2) reach a different result
from the Supreme Court when faced with materially indistinguishable
facts."  *Ward*, 591 F.3d at 1155 (internal quotations and citation

omitted); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).  A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown*, 544 U.S. at 134; *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), *cert. denied*, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."  *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 120 S. Ct. at 1520).  The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-77 (2003) (citation omitted); *Mitchell*, 540 U.S. at 17-18; *Ward*, 592 F.3d at 1155.

## C.  Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d).  *Newland v. Hall*, 527 F.3d 1162, 1183 (11th Cir. 2008).  Post-AEDPA, the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case.  *Newland*, 527 F.3d at 1184.  In *Strickland*, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that

-13-

his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, *i.e.*, "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, *i.e.*, there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 688; *see also Bobby Van Hook*, 558 U.S. ___, 130 S. Ct. 13, 16 (2009).  Thus, a habeas court's review of a claim under the *Strickland* standard is "doubley deferential." *Knowles v. Mirzayanze*, ___ U.S. ___, 129 S.Ct. 1411, 1420 (2009)(citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." *Bobby Van Hook*, 130 S. Ct. at 17 (internal quotations and citations omitted).  It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." *Jones v. Campbell*, 436 F.3d 1285, 1293 (11th Cir. 2006), *cert. denied sub*

*nom. Jones v. Allen*, 127 S. Ct. 619 (2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. *Id.* A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue. *Ladd v. Jones*, 864 F.2d 108, 109-10 (11th Cir.), *cert. denied sub nom. Ladd v. Burton*, 493 U.S. 842 (1989); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

## IV.  Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. *Schriro v. Landrigan*, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence

that would require an evidentiary hearing, *Chandler v. McDonough*, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. *Schriro*, 127 S. Ct. at 1940.

**Ground 1**

Petitioner asserts that his trial counsel was ineffective because she failed to file a motion to suppress the evidence obtained when law enforcement stopped and conducted a search of the vehicle in which Petitioner was riding. Memorandum at 6. Specifically, Petitioner asserts that the officer pulled the car over, ordered the occupants out the vehicle, searched the vehicle, and discovered a knife under Petitioner's seat, which resulted in Moore being charged with robbery with a weapon, instead of shoplifting. *Id*. Petitioner states that he asked trial counsel to file a motion to suppress because he claims that the evidence was "obtained illegally" and "should have been suppressed." *Id*. at 7.

The record reveals that Petitioner presented this Ground in his Rule 3.850 Motion as claim 1 and, after an evidentiary hearing, the post-conviction court denied the claim on the merits. Petitioner then filed an appellate brief addressing this claim on appeal, which the appellate court summarily denied. Thus, the Court applies the deferential standard for federal court review of the State adjudications of this Ground.

Following a thorough review of the record and the applicable law, the Court concludes that the State courts' adjudications of

-16-

this Ground were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. As set forth above, the post-conviction court, in denying this ground, cited to *Strickland,* the correct governing standard in evaluating Petitioner's ineffective assistance of counsel claim. The State court also correctly applied *Strickland*, in evaluating whether counsel was deficient in failing to file a motion to suppress. Further, the following facts support the State court's determination that counsel was not deficient.

The record reveals that Petitioner's trial counsel was an experienced criminal trial lawyer. E.H. at 124. Counsel had thoroughly investigated the circumstances surrounding the stop and eventual search of the vehicle. *Id*. at 125. She recalled that the incident occurred in the "middle of the day" and the Bealls' employees had called the police with a description of the car which "was a pretty accurate description as far as size, color" and the number of occupants. *Id*. The tag number of the vehicle was given out over dispatch and the car was located a short distance from the location of the robbery. *Id.* at 126. Counsel recalled having a discussion with Petitioner when he requested that she file a motion to suppress the evidence seized from the vehicle. *Id*. at 127-128. In fact, counsel recalled that Petitioner was "well-versed in the law." *Id*. at 128. Nonetheless, counsel stated that

"I often disagree with my clients and I feel that I have to have a good faith basis to file a motion. And if I didn't feel I had it, even if he said I want it, I probably told him no." *Id.* Further, counsel took depositions of the Bealls' employees and the officer who stopped the vehicle, who stated that the driver of the vehicle gave him permission to search the vehicle. *Id.* at 129. Counsel testified that "with the totality of the circumstances in this case, I didn't really have a good faith basis to file the motion." *Id.* at 133. Counsel cannot be deemed deficient for not filing a frivolous motion. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001)(finding that counsel was not ineffective for failing to raise a meritless issue).

Moreover, even assuming *arguendo* deficient performance by trial counsel, Petitioner cannot establish the prejudice prong of *Strickland*. Significantly, the post-conviction trial court concluded that:

> Upon consideration, the Court finds that law enforcement officials had probable cause under the circumstances to stop and search Defendant's vehicle and, therefore, there is no reasonable probability that the outcome of the proceeding would have been different had counsel filed a motion to suppress.

*Id.* Thus, the Court finds Ground 1 is without merit because Petitioner has not shown deficient performance, nor resulting prejudice, as a result of trial counsel failing to file a motion to suppress.

Therefore, it is now

-18-

**ORDERED AND ADJUDGED:**

1.    The Florida Attorney General is **DISMISSED** as a named respondent.

2.    The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED** for the reasons set forth herein.

3.    The Clerk of the Court shall enter judgment accordingly; terminate any pending motions; and, close this file.

### CERTIFICATE OF APPEALABILITY AND<br>LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, ___ U.S. ___, 129 Ct. 1481, 1485 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this 10th day of March, 2011.

Charlene Edwards Honeywell
United States District Judge

SA: hmk

Copies: All Parties of Record